## SMITH v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1927.)

No. 4820.

Criminal law ⬅1186(4)—In prosecution under White Slave Act, consolidation of two counts, one of which was insufficient, held not prejudicial error (Comp. St. §§ 1246, 8813, 8814).

In prosecution for violation of White Slave Act of June 25, 1910 (Comp. St. §§ 8813, 8814), consolidation of two counts, one of which was insufficient, held not prejudicial error, in view of Judicial Code, § 269 (Comp. St. § 1246), and fact that sentence was no more than might rightfully have been imposed under valid count.

In Error to the District Court of the United States for the Western District of Michigan; Fred M. Raymond, Judge.

Louis C. Smith was convicted of violating the White Slave Act, and he brings error. Affirmed.

Harry E. Rodgers, of Grand Rapids, Mich. (Hilding & Hilding, of Grand Rapids, Mich., on the brief), for plaintiff in error.

Edw. J. Bowman, of Grand Rapids, Mich., for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. Smith was convicted on an indictment charging violation of the so-called White Slave Act (Act June 25, 1910, C. S. 1916, §§ 8813 and 8814). There is some confusion and overlapping as between these two sections, but they may be fairly distinguished and respectively applied by assigning to section 8813 the offense characterized by the description, "knowingly transport, or cause to be transported, or aid or assist in obtaining transportation for," and by assigning to section 8814 the offense described as "persuading, * * * enticing and thereby causing * * * transportation." Obviously, section 8814 is narrower, and applies only to transportation caused in a particular way, while section 8813 refers to all such transportation, even though free from any enticement. On count 1 of the indictment Smith was acquitted. Count 2 charged the enticement, but omitted to allege that transportation was thereby caused. Count 3, in our judgment, sufficiently alleges the offense specified in section 8813, although in some particulars not as complete as it might well have been. Smith made the objection that neither count 2 nor count 3 was sufficient. This was after the trial was entered upon. Thereupon the court consolidated these two counts, and ordered the trial to proceed on the consolidated count. Smith was convicted. The sentence was no more than might rightfully have been imposed under count 3.

If neither count had charged an offense, we should have to deal with the matter of consolidation and with the objections now made thereto; but, as the third count was sufficient, it follows that the matters which by the consolidation were brought in from count 2 can properly be regarded as surplusage, and hence the consolidation cannot be considered as prejudicial error, beyond the curative effect of section 269 of the Judicial Code (Comp. St. § 1246).

No important evidence was improperly received. If there was error in the charge, it was in Smith's favor.

The judgment is affirmed.